## AFFIDAVIT IN SUPPORT OF AN APPLICATION FOR A CRIMINAL COMPLAINT

I, Joshua Grout, being duly sworn on oath, depose and state as follows:

### INTRODUCTION

1. I am presently a Special Agent of the Department of Homeland Security, Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI) and serve as a sworn law enforcement officer within the meaning of Section 2510(7) of Title 18, United States Code. In that capacity, I am empowered to conduct investigations pursuant Section 2516(a) of Title 18 of the United States Code and to make arrests for offenses enumerated in Titles 8, 18, 19, 21, and 31 of the United States Code, and other related offenses. I am cross-designated and have the authority to conduct Title 21 investigations and enforcement activities. I have been involved with investigations for Title 21 offenses and am familiar with the Interagency Cooperation Agreement between the U.S. Drug Enforcement Administration and ICE. During my tenure as a Special Agent, I have completed approximately 1080 hours of instruction at the Federal Law Enforcement Training Center in Glynco, Georgia (FLETC).

2. I have experience in the investigation of violations of both state and federal narcotics laws. I have conducted and participated in investigations resulting in the arrests and convictions of drug distributors, and the seizure of quantities of controlled substances and drug proceeds. I have received extensive training in drug identification, drug distribution methods, and drug enforcement techniques.

3. This Affidavit is presented in support of a Criminal Complaint charging **Kamal AL AMIN** with a violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A). This Affidavit contains information necessary to support probable cause for the Criminal Complaint. The information contained in this Affidavit is based on my personal participation in the

investigation of the case and from information provided to me by other Special Agents and Task Force Officers, as well as other federal, state, and local law enforcement officers. Since this Affidavit is being submitted for the limited purpose of establishing probable cause for the issuance of a Criminal Complaint, I have not included every fact known to me concerning this investigation.

### FACTS IN SUPPORT OF PROBABLE CAUSE

4. In November of 2025, HSI, the Bureau of Alcohol Tobacco and Firearms (ATF) and the Charlotte Mecklenburg Police Department (CMPD) started investigating **Kamal AL-AMIN** for distributing large quantities of methamphetamine and fentanyl in the greater Charlotte area.

5. On March 23, 2026, HSI, ATF and CMPD conducted a controlled purchase of drugs from **AL-AMIN** using a Confidential Human Source (CHS).[1] CHS placed a phone call to **AL-AMIN** using phone number 704-469-2166 to negotiate a deal with **AL-AMIN** for two pounds of methamphetamine for $4,000. **AL-AMIN** agreed to sell the methamphetamine to CHS and instructed CHS to meet him at 6220 Caden Road in Charlotte, North Carolina. Investigators met with CHS prior to the controlled purchase and provided $4000 to purchase the methamphetamine and a covert audio and video recording device. Investigators searched CHS's person and vehicle prior to the controlled purchase and did not find any contraband. Investigators activated the covert recording device to enable CHS to record the drug deal.

6. At approximately 1356 hours, CHS traveled to the deal location at 6220 Caden Road. **AL-AMIN** then changed the deal location and directed CHS to drive to a nearby apartment complex at 9550 Berewick Commons Parkway in Charlotte, North Carolina, and wait for him

---

[1] CHS has several state convictions for drug related crimes and is currently providing information to law enforcement in hope of sentencing leniency. CHS has provided information to law enforcement that has been reliable and corroborated through independent law enforcement databases.

there. CHS traveled to Berewick Commons Parkway and waited on **AL-AMIN**. At around 1415 hours, investigators observed a Nissan Altima arrive and park next to CHS. Moments later, investigators watched **AL-AMIN** exit the Nissan Altima and meet with the CHS to complete the controlled purchase. Investigators, who were monitoring the covert audio/video recording device, observed CHS hand **AL-AMIN** $4000 and observed **AL-AMIN** hand CHS the methamphetamine. **AL-AMIN** departed the area and CHS left the scene and met with investigators. Investigators took possession of the methamphetamine from CHS.

7.     The methamphetamine was sent to a Drug Enforcement Administration (DEA) Laboratory for testing. A chemist at the lab tested the methamphetamine, confirmed the substance was methamphetamine, and provided a report regarding weight, purity and substance. The chemist determined that the weight without packaging material was 977.1 grams and the methamphetamine was 75 percent pure. Which resulted in a total actual amount of pure methamphetamine sold by **AL-AMIN** to be 732.8 grams.

## CONCLUSION

Based upon training, experience, and the facts of this investigation, I submit that there is probable cause for a criminal complaint against, and arrest warrant for, **Kamal AL-AMIN** for distribution of more than fifty (50) grams of methamphetamine (actual), in violation of Title 21, United States Code, Sections 841(a) and 841(b)(1)(A); therefore, I request that the Court issue a criminal complaint and arrest warrant for the same.

Respectfully submitted,

 **/s/ Joshua Grout**
Joshua Grout
Special Agent
Homeland Security Investigations

*Affidavit Reviewed by Assistant United States Attorney Erik Lindahl in the Western District of North Carolina*

In accordance with Rule 4.1(b)(2)(A), the Affiant attested under oath to the contents of this Affidavit, which was submitted to me by reliable electronic means, on this 29th day of May, 2026, at 3:01 PM

W. Carleton Metcalf
United States Magistrate Judge